Daniel J. Palay, SBN 159348
Jenna H. Strauss, SBN 246703
PALAY LAW FIRM
1484 E. Main Street
Ventura, California 93001
Telephone: (805) 641-6600
Facsimile: (805) 641-6607
djp@palaylaw.com
jhs@palaylaw.com

Alejandro P. Gutierrez, SBN 107688
HATHAWAY, PERRETT, WEBSTER,
POWERS, CHRISMAN & GUTIERREZ
A Professional Corporation
5450 Telegraph Road, Suite 200
Ventura, California 93003
Telephone: (805) 644-7111
Facsimile: (805) 644-8296
agutierrez@hathawaylawfirm.com

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ICARD, an individual; for himself and those similarly situated and ROES 1 through 30,000 and the proposed class, | Case No. CV10-00410 JL |
| Plaintiff, | Action Date: December 21, 2009 (SF Superior Court Case No. CGC-09-495344) |
| vs. | **CLASS ACTION** |
| ECOLAB, INC., a Delaware corporation; and DOES 1 through 100, inclusive, | **FIRST AMENDED COMPLAINT** |
| Defendants. | |

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COME NOW, PLAINTIFF, JAMES ICARD, and ROES 1 through 30,000 and the proposed class, and submits the following Complaint against Defendant ECOLAB, INC., and each of them, as follows:

1)     At all times herein-mentioned, PLAINTIFF, JAMES ICARD is an individual and is a resident of the State of California working for the Defendants in the City of San Francisco, County

1    of San Francisco, State of California.

2    2)      At all times herein mentioned, ECOLAB, INC. (herein referred to as "ECOLAB" or
3    "Employer") is a Delaware corporation doing business in the State of California..

4    3)      Venue is appropriate in San Francisco County because members of the class performed work
5    in San Francisco County for which they were not paid and DEFENDANTS engage in business in
6    San Francisco County.

7    4)      PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS DOES 1 through
8    100, inclusive, and by reason thereof sues said DEFENDANTS by their fictitious names.
9    PLAINTIFF will ask leave of Court to amend this complaint to allege the true names and capacity
10   of said Doe DEFENDANTS when same have been fully and finally ascertained.

11                                   **CLASS ACTION ALLEGATIONS**

12   5)      PLAINTIFF brings this action on his own behalf, and behalf of all persons similarly situated.
13   The class represents and consists of all employees of ECOLAB, who are/were Route Managers or
14   Route Sales Managers, who have worked in California, do not cross state lines in performance of
15   their duties, and have not received full and correct pay for all hours worked and have not received
16   accurate itemized wage statements required pursuant to Labor Code ' 226, and who were not part of
17   and/or who opted out of the settlement in Clark, et al. v. Ecolab Inc., No. 07-CIV-8623(S.D.N.Y.)
18   The class represents over 200 persons and is so numerous that the joinder of each member of the
19   class is impracticable.

20   6)      There is a well defined community of interest in the questions about law and fact affecting
21   the class PLAINTIFF represents. The classes' members= claim against DEFENDANTS involve
22   questions of common or general interest, in that each was employed by DEFENDANTS and each
23   was erroneously classified as exempt from overtime and not paid wages owed. These questions are
24   such that proof of a state of facts common to the members of the class will entitle each member of
25   the class to the relief requested in this complaint.

26   7)      PLAINTIFFS will fairly and adequately represent the interest of the class, because
27   PLAINTIFFS are members of the class and PLAINTIFFS' claims are typical of those in the class.
28   ///

**FIRST CLASS OF ACTION**
**(Action brought by Plaintiff and Roes 1 through 30,000, inclusive,**
**for Failure to Pay Wages Against**
**ECOLAB, Inc. and DOES 1 through 100)**

8) PLAINTIFF refers to paragraphs 1 through 7, and incorporates same by reference as though fully set forth at length.

9) PLAINTIFFS in the aforementioned class are employees who have been working for DEFENDANT during the period of December 2005 through the present. PLAINTIFFS and the class worked as non-exempt employees for DEFENDANT. Specifically, Plaintiff JAMES ICARD has been employed as a Route Manager working for the Defendants since on or about October 4, 2008. Based upon the time records reviewed, Plaintiff is owed less than $20,000.00 in unpaid overtime wages and interest.

10) PLAINTIFF and all members of the class regularly worked hours for which they were not paid the correct hourly wage. Specifically, each was misclassified as an exempt employee and was not paid overtime/doubletime in accordance with California law. Further, each did not receive lawful meal periods in accordance with California law. It is alleged that DEFENDANT intentionally denied the class wages which should have been paid and violated California *Labor Code* §510 and applicable IWC wage orders.

11) *Labor Code* §200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

12) California *Labor Code* §202 provides that all wages shall become due and payable not later than 72 hours after the employee provides notice of his intention to quit. In this case, DEFENDANTS and each of them, have refused and continue to refuse PLAINTIFFS' wages.

13) Pursuant to California *Labor Code* §203, it is alleged that DEFENDANTS have willfully failed to pay without abatement or reduction, in accordance with *Labor Code* §§201 and 202, all of the wages of the PLAINTIFFS. DEFENDANT is aware that it owes the wages claimed, yet it has willfully failed to make payment. As a result, PLAINTIFFS seek wages and penalties pursuant to *Labor Code* §203.

1  14)    PLAINTIFF, and the class have been available, and ready to receive wages owed to them,

2  including overtime wages.

3  15)    PLAINTIFFS have never refused to receive any payment, nor have PLAINTIFFS been absent

4  from their regular place of residence.

5  16)    DEFENDANTS' failure to pay PLAINTIFFS' wages due and owing PLAINTIFFS as

6  indicated in prior paragraphs, was willful, DEFENDANTS have knowingly refused to pay any

7  portion of the amount due and owing PLAINTIFFS.

8  17)    Pursuant to *Labor Code* §§218.5 and §1194, PLAINTIFF requests the Court to award

9  PLAINTIFFS' reasonable attorneys' fees and costs incurred in this action.  PLAINTIFFS also

10  request all unpaid wages, waiting time penalties and interest.

11  WHEREFORE, PLAINTIFF demands judgment against the DEFENDANTS, and each of them, as

12  follows:

13  1.    For wages owed according to proof;

14  2.    For prejudgment interest at the statutory rate;

15  4.    For statutory penalties pursuant to law;

16  5.    For reasonable attorneys' fees pursuant to *Labor Code* §§218.5, 1194;

17  6.    For costs of suit; and,

18  7.    For any other and further relief that the Court considers just and proper.

19                                      **SECOND CAUSE OF ACTION**
   **(Action brought by all Plaintiffs and Roes 1 through 30,000, inclusive,**
20  **for Unfair Competition/Violation of Business and Professions Code ' 17200**
   **Against ECOLAB, Inc. and DOES 1 through 100)**
21

22  18)    PLAINTIFF refers to paragraphs 1 through 17, and incorporates same by reference as though

23  fully set forth at length.

24  19)    This cause of action is being brought pursuant to *Business and Professions Code* §17200 and

25  the California case law, including *Cortez v. Purolator Air Filtration Products Co.* (2000) 96

26  Cal.Rptr.2nd 518.

27  20)    It is alleged that DEFENDANTS have willfully failed to pay employees wages owed. They

28  actions alleged aforesaid, specifically, the failure to pay both current employees and past employees

---

1   wages which are owned constitutes an unfair business practice under California *Business and*

2   *Professions Code* §17200.

3   21)     As a result of the conduct of ECOLAB, Inc. and Does 1 through 100, DEFENDANTS

4   profited from breaking the law. PLAINTIFFS seek disgorgement of this unlawfully obtained benefit.

5   22)     California *Business and Professions Code* §17203, under the authority of which a

6   restitutionary order may be made, provides:

7            Any person who engages, has engaged, or proposes to engage in unfair competition
         may be enjoined in any court of competent jurisdiction. The court may make such
8        orders or judgments, including the appointment of a receiver, as may be necessary to
         prevent the use of employment by any person of any practice which constitutes unfair
9        competition, as defined in this chapter, or as may be necessary to restore to any
         person in interest any money or property, real or personal, which may have been
10       acquired by means of such unfair competition.     Any person may pursue
         representative claims or relief on behalf of others only if the claimant meets the
11       standing requirements of Section 17204 and complies with Section 282 of the Code
         of Civil Procedure, but these limitations do not apply to claims brought under his
12       chapter by the Attorney General, or any district attorney, county counsel, city
         attorney, or city prosecutor in this state.

13

14  23)     As a result of the alleged aforesaid actions, PLAINTIFF and the class have suffered injury

15  in fact and have lost money as a result of such unfair competition.

16  24)     In this case, it is requested that this Court order such restitution.

17  WHEREFORE, PLAINTIFFS demand judgment against DEFENDANTS and each of them, as

18  follows:

19  1.      For an equitable order, ordering DEFENDANTS to pay all former and current non-exempt

20  employees all wages, interest, and penalties they are owed;

21  2.      For an appointment of a receiver to perform an accounting of all monies owed to these

22  employees;

23  3.      For any and all injunctive relief this Court deems necessary pursuant to California *Business*

24  *and Professions Code* §17203;

25  4.      For attorneys' fees and costs;

26  5.      For prejudgment interest pursuant to *Civil Code* §§3288 and 3291 on all amounts claimed;

27  and

28  6.      For any other and further relief that the Court considers just and proper.

**THIRD CAUSE OF ACTION**
**(Action brought by all Plaintiffs and Roes 1 through 30,000,**
**Inclusive for Violation of *Labor Code* §226**
**Against ECOLAB, Inc. and DOES 1 through 100)**

25) Plaintiff refers to paragraphs 1 through 24, and incorporates same by reference as though fully set forth at length.

26) California *Labor Code* §226 provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece- rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

27) In this case, the Defendants have knowingly and intentionally failed to provide such wage deduction statements. The total hours worked per payroll period were not provided and the applicable hourly rate was not provided. The failure to provide such wage-deduction statements was not an accident. The Defendants have failed and continue to fail to provide such wage deductions statements.

28) Plaintiff and the class have been damaged by this failure to provide these statements. Specifically, and as set forth in *Wang v. Chinese Daily News, Inc.* (C.D.Cal.2006) 435 F.Supp.2d 1042, Plaintiff and the class have had to reconstruct the number of overtime hours worked and perform arithmetic computations to determine what he is owed [an employee suffers injury because (1) the employee might not be paid overtime to which she was entitled and (2) the absence of an hourly rate prevents an employee from challenging the overtime rate paid Id, See also *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 955, 35 Cal.Rptr.3d 243 (2005). (explaining that Section 226 is violated if employees are required to perform "arithmetic computations" to determine their hourly rates)]

29)     Pursuant to California *Labor Code* §226.3, damages are appropriate.

30)     Pursuant to *Labor Code* §226(e), Plaintiff requests the court to award Plaintiff reasonable attorneys' fees and costs incurred by Plaintiff in this action. Plaintiff also requests an injunction and/or order that the Defendants provide these wage deductions statements to Plaintiff.

WHEREFORE, Plaintiff demands judgment against defendants, and each of them, as follows:

1.     For an injunction ordering the Defendant to provide the wage statements pursuant to California *Labor Code* §226(g) to Plaintiff;

2.     For compensatory damages and penalties pursuant to California *Labor Code* §§226 and 226.3, *et. seq.*;

3.     For reasonable attorney's fees, pursuant to law (*Labor Code* §226(e));

4.     For costs of suit; and

5.     For any other and further relief that the Court considers proper.

DATED:      March 23, 2010

                              HATHAWAY, PERRETT, WEBSTER,
                              POWERS, CHRISMAN & GUTIERREZ


By _____ SBN 256508
                              Alejandro P. Gutierrez
                              Attorneys for Plaintiff and the Putative Class

**AMENDED COMPLAINT**