United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ICARD,

    Plaintiff,

    v.

ECOLAB, INC., et al.,

    Defendants.
_____/

No. C 10-0410 PJH

**ORDER GRANTING MOTION TO REMAND AND VACATING HEARING DATE**

Before this court is plaintiff's motion to remand this matter to San Francisco County Superior Court. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby rules as follows.[1]

## BACKGROUND

This is a wage and hour class action. Plaintiff James Icard ("plaintiff"), a Route Manager for defendant Ecolab, Inc. ("defendant") during the relevant time period, generally alleges that defendant failed to provide overtime and/or meal period wages, and accurate itemized wage statements in accordance with California law. See generally Notice of Removal, Ex. A ("Complaint"). As a result, plaintiff – on his own behalf and on behalf of class of Route Managers similarly situated – asserts three causes of action against defendant: (1) failure to pay wages pursuant to Cal. Labor Code §§ 201 et seq.; (2) unfair competition, in violation of Cal. Bus. & Prof. Code § 17200; and (3) violation of Cal. Labor

---

[1] This court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the June 23, 2010 hearing date is VACATED.

1  Code § 226.  See generally id.  Plaintiff seeks relief in the form of injunctive relief, back
2  wages owed, compensatory damages, statutory penalties, and attorney's fees and costs.
3  Id.
4        Defendant removed the action on January 28, 2010, asserting diversity jurisdiction.
5  Plaintiff has now filed a motion to remand the complaint, as well as a motion for Rule 11
6  sanctions and for attorney's fees.  Defendant has filed a motion to dismiss the complaint.

**DISCUSSION**

A.    Legal Standards

Remand may be ordered for either lack of subject matter jurisdiction or for "any defect in removal procedure."  28 U.S.C. § 1447(c).  Generally, there is a strong presumption in favor of remand.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).  The removal statutes are construed restrictively, and doubts about removability are resolved in favor of remanding the case to state court.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Guas v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992).

B.    Plaintiff's Motion

Diversity jurisdiction exists only when the parties are in complete diversity and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).  The party seeking to invoke the jurisdiction of the court – i.e., defendant in this case – has the burden of establishing that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  Furthermore, where – as here – the complaint does not set forth a specific dollar amount in controversy, the party seeking to invoke diversity jurisdiction bears the burden of proving the amount-in-controversy requirement by a preponderance of evidence.  See 28 U.S.C.A. § 1332(a); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683 (9th Cir.2006) (where, as here, the complaint does not specify the amount of damages sought, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."); Lowdermilk v. U.S. Bank National Ass'n, 479

F.3d 994 (9th Cir. 2007).

Here, plaintiff concedes that the requisite diversity of citizenship is satisfied. See, e.g., Complaint, ¶ 1; Notice of Removal, ¶¶ 3-4 (establishing diversity of citizenship between plaintiff and defendant). Plaintiff disputes instead whether defendants have demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Plaintiff contends that plaintiff's individual claim for damages is demonstrably less than $30,000, and that neither aggregation nor inclusion of attorney's fees vis-a-vis the putative class members can be applied to plaintiff's individual claim in order to establish an amount in controversy that could exceed $75,000.

In response, defendant generally acknowledges that plaintiff's claim amounts to less than $20,000 in "overtime wages and interest," but counters that plaintiff's individual claim also seeks compensation for missed meal and rest periods, waiting time penalties and wage statement penalties, all of which can be reasonably estimated to equal a total of approximately $35,500. When this amount is added to plaintiff's original claim of $20,000, the end result is approximately $55,500 in total damages and relief. See Def. Opp. Br. at 4-6. While this amount would still be less than the jurisdictional threshold amount, defendant asserts that, contrary to plaintiff's position, attorney's fees *do* contribute to the amount in controversy, because the California Labor Code contains a fee-shifting statute that allows a successful plaintiff to recover a fee award. Since a review of plaintiff's counsel's hourly rate, and a general overview of attorney's fees awarded in similar wage and hour class actions suggests that a reasonable estimate of the attorney's fees likely to incurred in this case would total more than $19,500 (the difference between the $55,500 in relief pled so far, and the jurisdictional threshold), the court should find the amount in controversy satisfied here.

The court disagrees with defendant's analysis. As a preliminary matter, and as plaintiff clarifies in his reply brief, he is not asserting a claim for rest breaks. Thus, a minimum of $5800 should be deducted from defendant's own calculations regarding the

reasonable value of plaintiff's claims. Even if the court were to credit defendant's calculation of damages in full to arrive at a $55,500 amount in controversy amount, however, defendant's showing would still falter.

Defendant may be correct that plaintiff's attorney's fees in this case may be included in calculating the amount in controversy, since California Labor Code § 1194(a) authorizes recovery of "reasonable attorney's fees." See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir.1998)("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"). However, the court agrees with plaintiff that, when estimating attorney's fees for the purposes of establishing jurisdiction, the fees that should be considered are those incurred as of the date of removal. See, e.g., Conrad Assoc. v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1200 (N.D. Cal. 1998)(estimation of attorney's fees for inclusion in amount in controversy cannot be speculative and are based on time of removal); Faulkner v. Astro-Med, Inc., 1999 WL 820198 (N.D. Cal. 1999). Applying this rule here, defendant has offered no evidence, nor does defendant contend, that the attorney's fees thus far incurred are sufficient to satisfy the amount in controversy requirement.

Moreover, even if the court were to attempt to calculate the reasonable future value of any attorney's fee award, defendant has done nothing to demonstrate what such an amount would be in concrete and non-speculative terms. Defendant submits that plaintiff's counsel charges $400 per hour, and that the attorney's hours expended would likely be more than 49 hours, which would equal an amount sufficient to overcome the $75,000 threshold, when combined with plaintiff's damages claims. As the court's experience with multiple wage and hour class actions on its docket demonstrates, however, each case is different, and it is impossible to generally speculate as to what amount of work will ultimately be expended on the litigation as a whole – let alone what work will ultimately be expended in a manner such that the fees can be credited to plaintiff *individually*.

4

All of which compels the court to conclude that defendant has failed to demonstrate that the amount in controversy meets the $75,000 threshold requirement, or to make a sufficiently strong showing to overcome the presumption in favor of remand.

C.    Motion for Attorney's Fees and Sanctions

In connection with plaintiff's motion to remand, plaintiff has also filed a motion for attorney's fees, and for sanctions, pursuant to 28 U.S.C. § 1447(c) and Rule 11.

Pursuant to the former, and upon granting a motion for remand, a federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 29 U.S.C. § 1447(c).  The decision to award such fees is discretionary and does not require a finding of bad faith removal because the purpose of such an award is not punitive, but rather to reimburse a plaintiff for wholly unnecessary litigation costs caused by defendant. See Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 446-47 (9th Cir. 1992).  The standard for awarding attorney's fees turns on the reasonableness of the removal.  "Absent unusual circumstances, a federal court may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, defendant asserted a valid basis for removal; namely, diversity jurisdiction. And while ultimately unsuccessful, the court finds that defendant did not lack an objectively reasonable basis for seeking removal.  Thus, the imposition of attorney's fees and costs upon defendants is not warranted, and plaintiff's request is DENIED.

With respect to Rule 11 sanctions, Federal Rule of Civil Procedure 11(b) states that an attorney or unrepresented party who presents a motion, pleading, or other paper to the district court "is certifying to the best of the person's knowledge" that, among other things: the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.  Rule 11(c) states that a district court may impose sanctions

5

upon a party that violates any of the provisions of subsection (b).

The court does not find that defendant has advanced a frivolous argument with respect to the existence of diversity jurisdiction – and in particular, that the amount in controversy has been satisfied. Furthermore, the court agrees with defendant that compliance with Rule 11 requires that plaintiff first serve a copy of the motion for sanctions on defendant, and then allow defendant 21 days to respond, prior to actually filing the Rule 11 motion. See, e.g., Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788-89 (9th Cir. 2001). Plaintiff, however, does not appear to have served the defendant with the motion in advance of filing, and thus did not comply with the twenty-one day advance service provision. Having not followed this procedure, plaintiff is not entitled to obtain an award from the defendant. Thus, the motion for Rule 11 sanctions is DENIED.

C.  Conclusion

For all the foregoing reasons, plaintiff's motion to remand the action is GRANTED. Plaintiff's corresponding request for attorney's fees and sanctions is DENIED. Defendant's pending motion to dismiss is furthermore DENIED as MOOT, in view of the foregoing analysis.

**IT IS SO ORDERED.**

Dated: June 18, 2010

PHYLLIS J. HAMILTON
United States District Judge